422

———

COLEMAN v. FIDELITY FINANCE CO., INC.

———

(November 18, 1931. Opinion and Decree.)

———

Arthur A. LeRosen, of Shreveport, attorney for plaintiff, appellee.

Roberts & Naff, of Shreveport, attorneys for defendant, appellant.

DREW, J. Plaintiff alleged the ownership of a Ford car, and that he borrowed from defendant $40, for which he executed a chattel mortgage against said car for the amount of $50.50, payable in two installments of $25.25 each. The mortgage was executed on June 15, 1928, and the notes made payable on July 15 and August 15, 1928. Plaintiff further alleged that he was unable to meet the payments when due, and requested an extension of time, agreeing to store the car until he could make the payments, and that he did store the car, pursuant to said agreement. That defendant took the car from said storage garage, illegally converted it by selling it, and that on a later date he (plaintiff) found a person to pay the note and upon going to defendant's place of business for that purpose, found that the car had been sold by defendant. On account of said illegal conversion, plaintiff alleged he had been damaged in the sum of $350, the value of the car, less the amount owed thereon, $50.50, and in the sum of $200 for the loss of use of the car.

Defendant, in answer, denied the main allegations of plaintiff's petition and alleged that plaintiff agreed to leave the car at the storage garage for defendant as a full satisfaction of the note owed by plaintiff to defendant; that pursuant to said agreement, the car was left at the storage garage where defendant afterwards took possession of it, spent $15.75 for repairs and sold the car at private sale for $60, losing $5.25. That in accordance with the agreement with plaintiff, it credited his note as fully paid and returned it to him. In the alternative and in reconvention, it prays for judgment against plaintiff for $50.50, with 8 per cent per annum interest and attorney's fees.

On these issues the case was tried, resulting in judgment for plaintiff in the sum of $150, less the amount of $50.50, plus interest at the rate of 8 per cent per annum from July 15, 1928, until paid. Defendant has appealed.

The record, we think, clearly shows an illegal conversion of plaintiff's Ford car. The lower court so found and his judgment in that respect is correct. The testimony is very conflicting. However, the preponderance is with the plaintiff. The man in charge at the storage garage was under the impression, from his conversation with plaintiff and defendant, that the car was to be stored until plaintiff could raise the money to pay the note. That was undoubtedly the intention of plaintiff and is borne out as the agreement between plaintiff and defendant by defendant's witness Peters, who testified that he tried to buy the car from defendant after it had taken possession of same and was told that it could not sell the car until it found out what plaintiff was going to do. Plaintiff's notes were not returned to him until several weeks after defendant had sold the car. If the agreement had been for plaintiff to give the car to defendant in cancellation of the note, there is no good reason why the note should not have been marked "paid" and delivered to plaintiff at once. The most that could be made out of the claim of defendant, under the evidence, is that plaintiff pledged the car to defendant as further security for the note, which would not justify defendant in selling the car without legal process. The car was sold at private sale and was an illegal conversion, and plaintiff is entitled to the damage he sustained thereby.

The award of $150 as the value of the car, we think, is excessive and should be reduced to $100, which is the full value of the car as shown by the evidence. It is therefore ordered, adjudged, and decreed that the judgment of the lower court be amended by reducing the amount of the award to plaintiff from $150 to $100, and as amended, that the judgment be affirmed; cost of appeal to be paid by appellant.